IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

JOHN WAYLAND GRANGER,           §
TDCJ #608584,                   §
                                §
          Plaintiff,            §
                                §
v.                              §          CIVIL ACTION NO. G-07-0045
                                §
J.P. GUYTON, *et al*.,          §
                                §
          Defendants.           §

## MEMORANDUM AND ORDER

State inmate John Wayland Granger (TDCJ #608584) has filed a complaint under 42

U.S.C. § 1983, alleging violations of his civil rights.  Granger, who appears *pro se* and *in*

*forma pauperis*, has provided a detailed supplement in support of his complaint.  (Doc. # 7).

At the Court's request, Granger has also provided a more definite statement of his claims.

(Doc. # 13).  After reviewing all of the pleadings as required by 28 U.S.C. § 1915A, the

Court concludes that this case must be **dismissed** for reasons that follow.[1]

## I.   BACKGROUND

Granger is currently in custody of the Texas Department of Criminal Justice -

Correctional Institutions Division (collectively, "TDCJ") at the Stringfellow Unit in

Rosharon, Texas.  Granger sues several supervisory officials employed by TDCJ, including

Assistant Regional Director J.P. Guyton, Assistant Regional Director Doug Waldron, and

---

[1]   On October 25, 2007, this case was reassigned to United States District Judge Melinda
Harmon pursuant to General Order 2007-10.  The case is being handled by the undersigned
by agreement of the judges.

Senior Warden James Mossbarger.  Granger also sues two female correctional officers employed by TDCJ at the Stringfellow Unit: Officer Stephanie Thompson and Officer Martha Thacker.

Granger's complaint stems from his former prison job assignment at the Stringfellow Unit commissary, where Granger was allegedly subjected to sexual harassment.  Granger was assigned to work at the prison commissary in May of 2006.  His duties involved assisting the commissary manager in maintaining inventory control, stocking shelves, rotating stock, unloading trucks, filling offenders' orders, and general cleaning duties.  Granger states that he was working at the commissary on August 9, 2006, when an unidentified "inventory coordinator" asked Officer Stephanie Thompson to summon a male officer to strip search Granger and another worker.  Granger explains in his more definite statement that, pursuant to prison policy, all offenders assigned to the commissary were strip searched at the end of their shifts.  Officer Thompson informed the coordinator that there were "no male officers in the main building," but that she could strip search the offenders.  Granger objected to being strip searched by a female officer because, according to TDCJ Administrative Directive 3.22(b), male offenders "shall generally be searched by a male officer" and may not be searched by a female officer unless extraordinary circumstances are present.  Granger argued, therefore, that the search violated prison policy.

Granger alleges that, after he objected to having a female officer conduct the search, Officer Thompson made comments that he found offensive.  According to Granger, Officer Thompson reportedly looked at him and stated, "I have a man at home and you don't have

anything I haven't already seen, so drop those shorts and let me see those pieces." Granger advised Officer Thompson that her actions were against TDCJ policy and he filed a step 1 grievance against her that same day, on August 9, 2006, complaining of "sexual harassment."

Senior Warden James Mossbarger investigated the step 1 grievance against Officer Thompson (Grievance #2006213784) and filed a response on September 13, 2006. In that response, Warden Mossbarger noted that he forwarded the grievance to the "Shift Lieutenant" and that "[c]orrective action was taken to ensure that offenders are strip searched only by staff of the same gender." Granger was unsatisfied with the result and filed a step 2 grievance on September 15, 2006, complaining that Warden Mossbarger addressed the strip search policy but failed to consider his allegations of sexual harassment. Assistant Regional Director J.P. Guyton filed a response to the step 2 grievance, finding that no further action was warranted.

In a separate incident, Granger claims that a male correctional officer conducted strip searches of the commissary workers on September 26, 2006. While doing so, Officer Martha Thacker reportedly entered the commissary with the inventory coordinator. Granger claims that Officer Thacker "deliberately fixed her gaze on [his] nakedness for approximately 5-7 seconds." Granger claims that he found Thacker's conduct to be "both offensive and embarrassing." One month later, on October 26, 2006, Granger was reassigned from his job at the commissary and transferred to the food service department, where he works as a cook. His housing assignment was also changed from the B-12 Dorm, where he had a bunk away from the day room area (bunk 20) and "offender traffic," to the A-5 Dorm, where he was

assigned to bunk 39, which is immediately in front of the toilets, near the day room, and "in the middle of all the offender traffic." Granger then filed a step 1 grievance against Officer Thacker on November 7, 2006, alleging "sexual harassment" and retaliation.

Warden Mossbarger investigated the step 1 grievance (Grievance #2007040552) that Granger filed regarding the September 26, 2006 incident involving Officer Martha Thacker. This investigation reportedly revealed that Officer Thacker and the inventory coordinator were in the commissary before the strip search was conducted by the male correctional officer. Warden Mossbarger found no evidence to substantiate Granger's allegation that Officer Thacker "gazed" at him and no evidence of any retaliation. Granger was unsatisfied with this result and filed a step 2 grievance on November 17, 2006. Assistant Regional Director Doug Waldron filed a response to the step 2 grievance, finding no evidence to support Granger's allegations of staff misconduct and concluding that no further action was warranted.

In his pending civil rights complaint, Granger complains that he was subjected to unlawful sexual harassment by Officer Thompson and Officer Thacker. Granger claims further that he was reassigned to another job and another housing area within the prison because of the grievances that he filed against Officer Thompson and Officer Thacker. Granger complains, therefore, that he was subjected to retaliation in violation of his constitutional rights. Granger seeks declaratory and injunctive relief from the retaliation.[2]

_____

[2]   Granger does not seek injunctive relief from strip searches, which, if conducted by a female officer in a non-emergency situation, could give rise to a Fourth Amendment violation. *See* (continued...)

The Court concludes, however, that the complaint must be dismissed for reasons discussed below.

## II.   STANDARD OF REVIEW

The complaint in this case is governed by the Prison Litigation Reform Act (the "PLRA"), which mandates the dismissal of a prisoner's civil rights complaint under the following circumstances.  Upon initial screening of a prisoner civil rights complaint, the PLRA requires a district court to scrutinize the claims and dismiss the complaint, in whole or in part, if it determines that the complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted;" or "seeks monetary relief from a defendant who is immune from such relief."  28 U.S.C. § 1915A(b).  A reviewing court may dismiss a complaint for these same reasons "at any time" where a party proceeds *in forma pauperis*. 28 U.S.C. § 1915(e)(2)(B) (mandating dismissal where the complaint is "frivolous or malicious," "fails to state a claim upon which relief may be granted," or "seeks monetary relief from a defendant who is immune from such relief").  The PLRA also provides that the court "shall on its own motion or on the motion of a party dismiss an action" if it is satisfied that the complaint is "frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c).

---

[2](...continued)

> *Moore v. Carwell*, 168 F.3d 234 (5th Cir. 1999).  In this case, the pleadings and exhibits reflect that corrective action was taken in response to Granger's grievance and that prison personnel were instructed to "ensure that offenders were strip searched only by staff of the same gender." (Response to Grievance #2006213784).  Under these circumstances, Granger does not allege facts showing that he is entitled to injunctive relief.

"A district court may dismiss as frivolous the complaint of a prisoner proceeding IFP if it lacks an arguable basis in law or fact." *Geiger v Jowers*, 404 F.3d 371, 373 (5th Cir. 2005). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). A review for failure to state a claim is governed by the same standard used to review a dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. *See Newsome v. EEOC*, 301 F.3d 227, 231 (5th Cir. 2002) (citing *Moore v. Carwell*, 168 F.3d 234, 236 (5th Cir. 1999) (citation omitted)). Under this standard, "[t]he complaint must be liberally construed in favor of the plaintiff, and all facts pleaded in the complaint must be taken as true." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498 (5th Cir. 2000). Nevertheless, "a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, — U.S. —, 127 S. Ct. 1955, 1964-65 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286 (1986)). A complaint must be dismissed for failure to state a claim if the plaintiff fails to plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 127 S. Ct. at 1974. Of course, "[a] document filed *pro se* is 'to be liberally construed,' . . . and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, — U.S. —, 127 S. Ct. 2197, 2200 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

III.     DISCUSSION

   A.     Verbal Harassment or Remarks

      Granger contends that he was subjected to sexual harassment and verbal remarks that

he found offensive and embarrassing.  His civil rights complaint is governed by 42 U.S.C.

§ 1983, which provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom,
> or usage, of any State or Territory or the District of Columbia, subjects, or
> causes to be subjected, any citizen of the United States or other person within
> the jurisdiction thereof to the deprivation of any rights, privileges, or
> immunities secured by the Constitution and laws, shall be liable to the party
> injured in an action at law, suit in equity, or other proper proceeding for
> redress . . . .

To establish liability under § 1983, a civil rights plaintiff must establish two elements: (1)

state action, *i.e.*, that the conduct complained of was committed under color of state law, and

(2) a resulting violation of federal law, *i.e.*, that the conduct deprived the plaintiff of rights

secured by the Constitution or laws of the United States. *See Collins v. City of Harker*

*Heights*, 503 U.S. 115, 120 (1992);  *Baker v. McCollan*, 443 U.S. 137, 142 (1979);  *see also*

*Townsend v. Moya*, 291 F.3d 859, 861 (5th Cir. 2002) (In short, "[s]ection 1983 provides a

claim against anyone who, 'under color of' state law, deprives another of his or her

constitutional rights.") (citing *Doe v. Taylor Indep. Sch. Dist.*, 15 F.3d 443, 452 (5th Cir.

1994)).

      To the extent that Granger complains about verbal harassment or remarks that he felt

were embarrassing or intimidating, his allegations do not state a constitutional violation.  *See*

*Calhoun v. Hargrove*, 312 F.3d 730, 734 (5th Cir. 2002);  *Siglar v. Hightower*, 112 F.3d 191,

193 (5th Cir. 1997); *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983). Accordingly, these allegations are subject to dismissal for failure to state a claim upon which relief can be granted.

### B.     Retaliation

Granger also complains that he was retaliated against for the grievances that he filed regarding the alleged sexual harassment by Officer Thompson and Officer Thacker.  As a result of these grievances, Granger claims that he was transferred to a different job and reassigned to a different housing area at the prison on October 26, 2006.

A prison official may not retaliate against or harass an inmate for complaining through proper channels about a guard's misconduct. *Woods v. Smith*, 60 F.3d 1161, 1164 (5th Cir. 1995).  A prisoner's personal belief that retaliation must have been the reason for the adverse action is insufficient to state a valid claim under 42 U.S.C. § 1983. *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999).  "To prevail on a claim of retaliation, a prisoner must establish (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *McDonald v. Steward*, 132 F.3d 225, 231 (5th Cir. 1998).  "Causation requires a showing that but for the retaliatory motive the complained of incident . . . would not have occurred." *Id*. (internal quotation marks and citations omitted).

Granger fails to state a claim for retaliation in this instance because he has not adequately alleged a chronology of events that would allow a plausible inference of retaliation. *See Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996).  In that regard, Granger filed

his initial grievance complaining of sexual harassment by Officer Thompson on August 9, 2006. Warden Mossbarger investigated and sent his response to the shift lieutenant on September 13, 2006, requesting that corrective action be taken to ensure that offenders were strip searched only by staff of the same gender. Granger claims that Officer Thacker leered at him inappropriately on September 26, 2006, but Granger did not file a sexual harassment grievance against her until November 7, 2006, after his job and housing assignments had already been changed on October 26, 2006.

It does not appear from the facts alleged that the grievances filed by Granger against Officer Thompson or Officer Thacker precipitated the change to his job and housing assignment. Rather, Granger provides another explanation, which does not involve Officer Thompson, Officer Thacker, or any of the other defendants. (Doc. # 13, at 7-8). Granger reports that, on October 25, 2006, which is the day before his job and housing assignment were changed, he had a verbal confrontation with the commissary manager (identified as Mrs. Pierce). Granger complains that Mrs. Pierce, who is not a defendant in this case, "made remarks insinuating" that he a "homosexual." (Doc. # 13, at 7). Granger found the remarks offensive and he promptly filed a grievance against Mrs. Pierce on the morning of October 26, 2006. (*See id*. at 7-8). Later that same morning, Granger was transferred to a different job and a different housing assignment. (*See id*.). This chronology does not demonstrate that, but for the grievances filed against Officer Thompson and Officer Thacker, Granger would not have been reassigned to a different job and housing unit.

More importantly, even assuming that Granger was removed from his job and housing unit as a result of the grievances that he filed, Granger does not allege facts showing that he suffered the requisite adverse retaliatory act. To establish a constitutional violation, an inmate's retaliation claim must allege adverse acts that "would chill or silence a person of ordinary firmness from future First Amendment activities." *Morris v. Powell*, 449 F.3d 682, 685-86 (5th Cir. 2006) (quoting *Crawford-El v. Britton*, 93 F.3d 813, 826 (D.C. Cir. 1996) (en banc), *vacated on other grounds*, 523 U.S. 574 (1998)). This standard recognizes that "some acts, though perhaps motivated by retaliatory intent, are so *de minimis* that they would not deter the ordinary person from further exercise of his rights." *Id*. at 686. Such *de minimis* acts "do not rise to the level of constitutional violations and cannot form the basis of a § 1983 claim." *Id*.

Granger does not allege acts of retaliation that meet the more-than-*de miminis* standard. He does not allege facts showing that he was transferred to a less desirable job. In that regard, the job change at issue here did not involve working conditions that were clearly less desirable or that otherwise posed an extreme hardship to the inmate. *See Jackson v. Cain*, 864 F.2d 1235, 1248 (5th Cir. 1989) (involving an alleged retaliatory transfer from a job involving light labor to a much less desirable job subjecting the prisoner to extreme hardship). Likewise, Granger does not allege that he was transferred to a more dangerous prison. Rather, Granger alleges that he was transferred to a less comfortable housing area within the same facility. The Fifth Circuit has recognized that this type of job or housing transfer are considered *de minimis* and are not sufficiently adverse retaliatory acts to support

10

a § 1983 claim.  *See Morris*, 449 F.3d at 687-68.  Because Granger has not demonstrated that

he suffered the requisite adverse act, he fails to state a claim of retaliation for which relief

can be granted and this claim is subject to dismissal.

## IV.    CONCLUSION AND ORDER

Based on the foregoing, it is **ORDERED** that the complaint in this case is

**DISMISSED** with prejudice for failure to state a claim.

**The Clerk is directed to provide a copy of this order to the parties.  The Clerk**

**will also provide a copy of this order by regular mail, facsimile transmission, or e-mail**

**to: (1) the TDCJ - Office of the General Counsel, P.O. Box 13084, Austin, Texas, 78711,**

**Fax Number (512) 936-2159; and (2) the District Clerk for the Eastern District of**

**Texas, Tyler Division, 211 West Ferguson, Tyler, Texas, 75702, Attention: Manager of**

**the Three-Strikes List.**

SIGNED on July 29th, 2008.

Nancy F. Atlas
United States District Judge